UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

D-10, VERNON NELSON RICH,

        Defendant.
_____/

Criminal No. 2:11-cr-20129

Honorable Robert H. Cleland

## **PRELIMINARY ORDER OF FORFEITURE**

The United States filed an Application for Entry of Preliminary Order of Forfeiture ("Application") seeking a forfeiture order pursuant to 18 U.S.C. § 1963(a)(1)-(3), for (a) any and all interest VERNON NELSON RICH ("Defendant") has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including the following:

(Note: "DD" referenced in the chart below means "Devils Diciples".)

| 1B | ITEM | DATE SEIZED/ FIRE DATE | SEIZED FROM | SEIZURE LOCATION |
|---|---|---|---|---|
| 82 | Harrington & Richardson Rifle, Model 65 H&R Reising, S/N 5649, .22 caliber and magazine with leather case | 3/11/2005 | Vern Rich | 6144 Lapeer Road, Clyde, Michigan |
| 83 | Remington Shotgun, Model 870 Express, S/N X197084M, 12-gauge with green cloth case | 3/11/2005 | Vern Rich | 6144 Lapeer Road, Clyde, Michigan |
| 84 | Richland Arms black powder revolver, Model Texas New Army, S/N 3453, .44 caliber | 3/11/2005 | Vern Rich | 6144 Lapeer Road, Clyde, Michigan |
| 85 | One green ammunition box containing miscellaneous ammunition | 3/29/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 641 | One round, one 0.32 auto RP round | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 648 | One box 0.357 mag rounds, one 0.357 mag round | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 652 | Remington Shotgun, Model 1100, S/N 229361X, .20 caliber | 11/15/2007 | Vern Rich | |
| 653 | Two shotgun shells, two 12-gauge shotgun shells | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 671 | $91.75 removed from Slot Machine in 1B 671 | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 672 | $0.25 removed from Slot Machine in 1B 672 | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 673 | $0.25 removed from Slot Machine in 1B 673 | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 676 | Miscellaneous ammunition, one box | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 764 | One 0.357 mag round and one red shotgun round | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |

| | | | | |
|---|---|---|---|---|
| 773 | One 0.38 special round, 13 9mm luger rounds, one 12-gauge shotgun rounds | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 646 | One DD plaque with photo | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 655 | Blue jeans with DD belt buckle | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 659 | Thumb drives, Lexar, serial number 327080 and Dane-Elec1GB | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 660 | Compaq Presario Computer, S/N CNH6254435, Marking "support your local 44" | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 671 | Malibu Doubles Slot Machine, Model SG-32B, Sigma Game Inc. (Manufacturer), S/N 023001418 | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 672 | High Roller Slot Machine, Sigma Game (Manufacturer), no model, no S/N | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 673 | Double Fortune Slot Machine (Soaring Eagle Gaming Property ID Tag #102511), Universal Brand | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 674 | Plastic "Stack On" tool box with miscellaneous slot machine parts inside | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 677 | Digital scale, USN-250 digital scale | 11/15/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 762 | One Motorola cell phone, S/N 364YFS1N8D, Model I530 | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 770 | One SanDisk memory stick duo adapter number 209000125 | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 777 | One Motorola cell phone, Model I530, S/N 364VFLBLON, with charger | 12/11/2007 | Vern Rich | |
| 779 | One silver LG cell phone, Model G4015, S/N | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |

|     |                                                                                  |            |           |                                 |
| --- | -------------------------------------------------------------------------------- | ---------- | --------- | ------------------------------- |
|     | 509KPSL627422                                                                    |            |           |                                 |
| 781 | Black Motorola cell phone, serial number 364VGQKYRT, model I415                  | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 782 | One silver Motorola cell phone, serial number 364KGE1CB3                         | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 793 | 1995 Harley Davidson, VIN: 1HD1DJL12SY506886; Lic. Plate: K193Z                  | 12/11/2007 | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
| 988 | Motorola Boost cell phone                                                        | 4/1/2009   | Vern Rich | 5555 Flinchbaugh, Kimball Twp, MI |
|     | One black leather vest with miscellaneous DD patches                             | 11/15/2007 |           |                                 |

## **REAL PROPERTY**

Real Property located at 43653 Gratiot, Clinton Township, Macomb County, Michigan and being more fully described as:

> Town 2 North, Range 13 East, Private Claims 141 and 626, described as commencing at the intersection of the centerline of Old Gratiot Avenue and South line of Fractional Sec. 1, Town 2 North, Range 13 East; thence South 21 degrees 15 minutes West 2024.24 feet to a point of beginning; thence South 21 degrees 15 minutes West 110 ft along the centerline of Old Gratiot Ave.; thence North 83 degrees 43 minutes West 1303.5 ft; thence North 21 degrees 18 minutes East 136.33 ft; thence South 82 degrees 38 minutes East 1296.45 ft to a point of beginning and containing 3.54 acres of land, more or less. Subject to the rights of the public and of any governmental unit in any part therof taken, used or deeded for street, road or highway purposes. Parcel ID: 11-01-355-004

(hereinafter collectively referred to as the "Subject Property").

Based upon the information contained in the Application, the contents of Defendant's Rule 11 Plea Agreement, Defendant's conviction for violating 18

U.S.C. § 1962(d) as set forth in Count One of the Third Superseding Indictment, Defendant's agreement to forfeit the Subject Property, and other information in the record, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. Pursuant to 18 U.S.C. 1963(a)(1)-(3) and Fed.R.Crim.P. 32.2, Defendant shall forfeit to the United States (a) any and all interest Defendant has acquired or maintained in violation of 18 U.S.C. § 1962; (b) any and all interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962; and (c) any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962, including, but not limited to, the Subject Property.

2. The Subject Property **IS HEREBY FORFEITED** to the United States for disposition according to law, and any right, title or interest of Defendant, and any right, title or interest that his heirs, successors, or assigns, have or may have in the Subject Property **IS HEREBY AND FOREVER EXTINGUISHED**.

3. The Court has determined, based upon the contents of Defendant's Rule 11 Plea Agreement, and other information in the record, that there is a sufficient nexus between the Subject Property and the violation of Count One as set forth in the Third Superseding Indictment in that the Subject Property constitutes an interest acquired or maintained in violation of 18 U.S.C. § 1962(d), and/or constitutes an interest in, security of, claim against, or property or contractual right affording a source of influence over the Enterprise named and described in Count One of the Third Superseding Indictment which Defendant established, operated, controlled, conducted or participated in the conduct of, in violation of 18 U.S.C. § 1962(d), and/or is property constituting, or derived from, proceeds obtained, directly or indirectly, from racketeering activity in violation of 18 U.S.C. § 1962(d).

4. This Order shall become final as to Defendant at the time it is entered and the forfeiture shall be made part of Defendant's sentence and included in Defendant's Judgment.

5. Upon entry of this Preliminary Order of Forfeiture, the United States Attorney General or his designee is authorized to commence any applicable proceeding to comply with the statutes governing third party rights, including giving notice of this Order.

6. Pursuant to 18 U.S.C. § 1963(l), the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property in such manner as the Attorney General may direct on [www.forfeiture.gov](www.forfeiture.gov) for at least thirty (30) consecutive days. Said notice shall direct that any person, other than the Defendant, asserting a legal interest in the Subject Property, may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 18 U.S.C. § 1963(l)(2), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Pursuant to 18 U.S.C. § 1963(l)(3), any petition filed by a third party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought. Pursuant to 18 U.S.C. § 1963(l)(1), the United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property.

7. The United States is hereby authorized, pursuant to 18 U.S.C. § 1963(k) and Federal Rules of Criminal Procedure 32.2 (c), to conduct any discovery in the ancillary proceeding in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is proper and desirable.

8. Pursuant to 18 U.S.C. § 1963(l)(7), following the Court's disposition of any petitions for ancillary hearing, or, if none, following the expiration of the period provided in 18 U.S.C. § 1963(l)(2) for the filing of third party petitions, the United States shall have clear title to the Subject Property, all other interests in the Subject Property shall be FORFEITED to the United States, this Order shall become the Final Order of Forfeiture as provided by Federal Rule of Criminal Procedure 32.2(c)(2), and the United States shall be authorized to dispose of the Subject Property as prescribed by law.

9. Defendant shall not contest, or assist anyone else in contesting, the forfeiture of all of the firearms, silencers and ammunition, U.S. Currency, motorcycles, slot machines, tools, computers, thumb drives, laptops, cameras, monitors, electronic equipment, "Colors" including but not limited to center wheel, vests, pins and patches, clothing, merchandise, jewelry, paraphernalia, and other personal property bearing any Devil's Diciples' labeling, markings, logos or symbols, that were seized in connection with the investigation of this case, as well as those seized in connection with the

investigation and prosecution of *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan, in any forfeiture action or proceeding.

10. Defendant shall not contest, or assist anyone else in contesting, the forfeiture of the real properties that are the subject of the following civil actions: *United States v. One Parcel of Real Property Known as 43653 Gratiot, Clinton Township, Michigan*, Case No. 09-cv-11208 and *United States v. One Parcel of Real Property Known as 2424 Little Street, Port Huron, Michigan*, Case No. 09-cv-11212, United States District Court, Eastern District of Michigan.

11. Defendant shall not contest, or assist anyone else in contesting, the forfeiture of all Devil's Diciples' websites, markings, service marks, trademarks, names and "Colors," in any forfeiture action or proceeding.

12. Defendant shall not contest the forfeiture of, or file a petition or claim in connection with, any property that the government seeks to forfeit from any other defendant in this case, and from any defendant in *United States v. Jeff Garvin Smith, et. al.*, Case No. 11-20066, United States District Court, Eastern District of Michigan.

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated: July 12, 2016

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, July 12, 2016, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522